# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| GERALD LYNN CAMPBELL, | ) | |
| | ) | |
| *Petitioner,* | ) | Case No. 1:26-cv-89, 1:21-cr-5 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Dumitru |
| | ) | |
| *Respondent.* | ) | |

## <u>ORDER</u>

Before the Court is Petitioner Gerald Lynn Campbell's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Case No. 1:21-cr-5, Doc. 75]. Petitioner pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months imprisonment. [Case No. 1:21-cr-5, Docs. 29, 58]. Petitioner now asks the Court to vacate that sentence on the grounds that his Fifth and Sixth Amendment rights were violated and for ineffective assistance of counsel. For the reasons explained below, Petitioner's Motion [Doc. 1; Case No. 1:21-cr-5, Doc. 75] is **DENIED**.

## I. FACTUAL BACKGROUND

On July 7, 2021, Petitioner pled guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Campbell*, 1:21-cr-5, Doc. 29 (E.D. Tenn. June 16, 2021). At sentencing, the parties disputed whether Petitioner's prior robbery and drug convictions qualified as predicate offenses under the Armed Career Criminal Act ("ACCA"). *Id.* at Doc. 63. Although he conceded that the prior offenses were committed on different dates, Petitioner argued that his drug crimes should be deemed a single offense because they shared a

common purpose. *Id.*; *see also id.* at Doc. 42 pp. 122–23]. Petitioner also argued that the Sixth Amendment required the issue to be submitted to a jury. *Campbell*, 1:21-cr-5, Doc. 42.

The Court, relying on then-binding Sixth Circuit precedent, concluded that the Sixth Amendment did not require a jury determination on the occasions issue and that Petitioner's prior offenses triggered the ACCA's mandatory minimum. *Id.* at. Doc. 63. As a result, the Court sentenced Petitioner to 180 months in prison. *Id.* at Doc. 58.

On appeal, Petitioner challenged the Court's holding, arguing that the Sixth Amendment required a jury—not a judge—to decide whether his predicate offenses were committed on different occasions. *United States v. Campbell*, 77 F.4th 424, 430 (6th Cir. 2023). The Sixth Circuit agreed that the issue should have been submitted to a jury but nevertheless affirmed Petitioner's sentence, concluding that the error was harmless because the sentence record established beyond a reasonable doubt that his predicate offenses occurred on different occasions. *Id.* at 630–33. Petitioner then sought a writ of certiorari from the Supreme Court, which the court denied on October 6, 2025. *Campbell v. United States*, 146 S. Ct. 248 (2025). Having unsuccessfully litigated the issue on direct appeal, Petitioner now returns to this Court to again challenge his ACCA enhancement.

## II. STANDARD OF REVIEW

Federal prisoners may move to vacate, set aside, or correct their sentences if those sentences were imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). One way a sentence can be constitutionally invalid is if it results from ineffective assistance of counsel. *See Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). The Supreme Court's two-part test from *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance claims. The *Strickland* test's first prong requires a showing of deficient

performance by counsel—that is, a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. As to *Strickland*'s second prong, it requires the defendant to show that counsel's deficient performance prejudiced her case. *Id.* at 692. In this context, prejudice exists where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## III.    ANALYSIS

Petitioner seeks to vacate his sentence on three grounds. First, he contends that his Fifth and Sixth Amendment rights were violated due to the lack of jury determination as to whether his ACCA predicate offenses were committed on different occasions. [Doc. 1 at 7–9]. Second, he asserts that his prior robbery conviction does not qualify as an ACCA predicate. [*Id.* at 10]. Third, he raises an ineffective assistance of counsel claim, arguing that his appellate counsel was constitutionally ineffective for not filing a Rule 44 petition seeking reconsideration of the Supreme Court's denial of his petition for writ of certiorari. [*Id.* at 6]. In response, the Government argues that Petitioner's ACCA arguments fail because they have already been litigated and rejected on direct appeal. [Doc. 4 at 5]. The Government also contends that Petitioner's ineffective assistance of counsel claim lacks merit because Petitioner's appellate counsel had no basis to file a Rule 44 motion for reconsideration. [*Id.* at 6]. The Court finds the Government's arguments persuasive.

### i.    *Petitioner's ACCA Claims*

Petitioner's challenges to his ACCA predicate offenses fail because the Sixth Circuit has already resolved those issues on direct appeal. Despite this Court's error in not leaving the issue to a jury, the Sixth Circuit nevertheless affirmed Petitioner's ACCA-enhanced sentence, concluding that the record established beyond a reasonable doubt that his prior convictions—

3

including his robbery conviction—qualified as predicate offenses under the ACCA. *See Campbell*, 77 F.4th at 428–30.

"'Absent exceptional circumstances, or an intervening change in case law, [a defendant] may not use his § 2255 petition to relitigate' issues raised on direct appeal." *Pirosko v. United States*, No. 23-3617, 2023 U.S. App. LEXIS 32705, at *5 (6th Cir. Dec. 11, 2023) (quoting *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999)). There are no exceptional circumstances or changes in the law that would permit Petitioner to relitigate his claims through a § 2255 motion. *See United States v. Greene*, No. 4:05-cr-15, No. 4:10-cv-15, 2013 U.S. Dist. LEXIS 140150, at *31–32 (E.D. Tenn. Sept. 30, 2013). Moreover, the Sixth Circuit's decision on these issues are binding on this Court.

Therefore, based on the Sixth Circuit's decision, Petitioner's ACCA arguments must fail.

ii.     *Petitioner's Ineffective Assistance of Counsel Claim*

Petitioner's ineffective assistance of counsel claim is premised on his appellate counsel's decision to not file a Rule 44 motion seeking a rehearing regarding the Supreme Court's denial of his petition for writ of certiorari. [Doc. 1 at 6]. He contends that his counsel was ineffective for failing to notify him that the Supreme Court had denied his petition for cert within twenty-five-day period for seeking a rehearing under Supreme Court Rule 44. [*Id.*]. According to Petitioner, had he been timely informed of the denial, he would have personally filed a Rule 44 petition for a rehearing. [*Id.*].

Rule 44(2) of the Supreme Court Rules provides:

> Any petition for the rehearing of an order denying a petition for a writ of certiorari or extraordinary writ shall be filed within 25 days after the date of the order of denial and shall comply with all the form and filing requirements of paragraph 1 of this Rule, including the payment of the filing fee if required, *but its grounds shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented . . .*.

U.S. SUP. CT. R. 44(2) (emphasis added). Petitioner, therefore, could only file a Rule 44 petition if he could demonstrate an intervening circumstance or other substantial ground not previously presented. *Id.* He has identified no such grounds, and without such a showing, his appellate counsel had no basis to file a Rule 44 petition. *See Ludwig v. United States*, 162 F.3d 456 (1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."). Under the two-part *Strickland* test, even assuming his appellate counsel's conduct in failing to properly notify him of the Supreme Court's decision satisfied the first prong, he cannot show that such a failure prejudiced his case in any way or would have produced a different outcome. *See Strickland*, 466 U.S. at 692–94.

Therefore, Petitioner's ineffective assistance of counsel claim must also fail because it does not satisfy *Strickland*'s two-part test.

## IV. CONCLUSION

Petitioner has not shown that he received ineffective assistance of counsel, nor can he properly relitigate his ACCA claims in the context of a § 2255 motion. Because the record conclusively demonstrates that he is not entitled to relief, an evidentiary hearing is not required. Petitioner's Motion to Vacate, Correct, or Set Aside Sentence [Doc. 1; Case No. 1:21-cr-5, Doc. 75] is **DENIED**. A separate judgment will enter.

Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right or present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of

Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.

        **SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

6